**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| **IN RE: FIRE APPARATUS ANTITRUST LITIGATION** | MDL NO. 3179 |

**RESPONSE OF CITIES OF LA CROSSE, ONALASKA, ANN ARBOR, AND COMMACK FIRE DISTRICT IN OPPOSITION TO TRANSFER TO THE NORTHERN DISTRICT OF ILLINOIS AND IN SUPPORT OF TRANSFER TO THE EASTERN DISTRICT OF WISCONSIN**

Plaintiffs Cities of La Crosse, Onalaska, Ann Arbor, and Commack Fire District ("La Crosse/Onalaska/Ann Arbor/Commack Plaintiffs") respectfully submit this Response to the Motion to Transfer and Centralize Related Actions for Consolidated Pretrial Proceedings under 28 U.S.C. § 1407 (the "Motion"). ECF No. 1-1.

The La Crosse/Onalaska/Ann Arbor/Commack Plaintiffs support centralization under 28 U.S.C. § 1407 but assert that the consolidated case should be transferred to the Eastern District of Wisconsin, where the Honorable Byron Conway is presiding and where the first filed and nine of the thirteen cases are pending. The Eastern District of Wisconsin is best equipped to oversee this litigation for the following reasons: a) it is the district with the highest number of pending cases related to this action; b) the main defendants are located there; c) relevant documents and witnesses are located there; and d) it has demonstrated its ability to oversee this complex litigation. By contrast, defendants' choice of the Northern District of Illinois has no pending cases and no defendants or evidence located there.

1

## ARGUMENT

**I.    THE ACTIONS SHOULD BE TRANSFERRED AND CONSOLIDATED FOR PRETRIAL PROCEEDINGS**

When actions "involving one or more common questions of fact are pending in different districts," the Panel may transfer the cases to a single district for consolidated pretrial proceedings. 28 U.S.C. § 1407(a). The Panel "shall" order transfer and consolidation when it determines that a transfer "will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." *Id*. The La Crosse/Onalaska/Ann Arbor/Commack Plaintiffs posit that each of these criteria is satisfied here, as outlined in the Motion, and accordingly support consolidation. ECF 1-1.

**a. Transfer is Appropriate Because the Related Actions Involve One or More Common Questions of Fact and Law.**

The Related Actions share the same basic legal theory: Defendants conspired to increase the price of fire apparatuses by restraining production and exchanging competitively sensitive information in violation of Section 1 of the Sherman Act.

The questions of law and fact common to the Related Actions include, but are not limited to, the following:

1. Whether Defendants restrained the production of fire apparatuses;

2. Whether Defendants exchanged competitively sensitive information;

3. The extent to which prices for fire apparatuses have increased;

4. Whether Plaintiffs paid artificially inflated prices for fire apparatuses; and

5. The extent to which Defendants wield market power in the relevant market

These common questions warrant the transfer of these actions to a single judicial district for consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See, e.g., In re Digoxin &*

*Doxycycline Antitrust Litig.*, MDL No. 2724, 222 F. Supp. 3d 1341 (J.P.M.L. 2017); *In re Auto. Wire Harness Sys. Antitrust Litig.*, MDL No. 2311, 867 F. Supp. 2d 1349 (J.P.M.L. 2012); *In re Text Messaging Antitrust Litig.*, MDL No. 1997, 588 F. Supp. 2d 1372 (J.P.M.L. 2008). The Panel routinely orders centralization where, as here, actions pending in different districts involve the same central antitrust allegations. *See, e.g.*, *In re Direct Purchaser Plaintiff Beef Antitrust Litig.*, 609 F. Supp. 3d 1412, 1413 (J.P.M.L. 2022) (centralizing antitrust actions that "share[d] factual questions arising from plaintiffs' allegations that . . . defendants exploited their market power . . . by conspiring to limit the supply, and fix the prices, of beef sold in the U.S. wholesale market"). Indeed, complex antitrust actions, like the Related Actions, are "a category of actions that the panel almost inevitably orders transferred if there are multiple actions pending in different districts." MULTIDISTRICT LITIGATION MANUAL § 5:14 (2023).

> **b. Transfer and Consolidation for Pretrial Proceedings Will Serve the Convenience of the Parties and Promote the Just and Efficient Conduct of the Litigation.**

In light of the common factual and legal allegations asserted by Plaintiffs in the Related Actions, transferring these actions to one jurisdiction will serve the "convenience of parties and witnesses and will promote the just and efficient conduct" of the litigation. 28 U.S.C. § 1407(a). Section 1407's convenience requirement is met when transfer and consolidation or coordination prevent duplicative discovery and inconsistent pretrial rulings. *See, e.g.*, *In re Digital Advert. Antitrust Litig.* 555 F. Supp. 3d 1372, 1375 (J.P.M.L 2021) ("Centralization will promote the just and efficient conduct of the litigation by eliminating duplicative discovery and avoiding the risk of inconsistent rulings on pretrial matters, particularly on discovery disputes, Daubert issues, and dispositive motions."); *In re Fresh & Process Potatoes Antitrust Litig.*, 744 F. Supp. 2d 1381, 1382 (J.P.M.L. 2010) (holding that centralization will "promote the just and efficient conduct of this antitrust litigation").

Centralizing the Related Actions for pretrial proceedings in the Eastern District of Wisconsin will eliminate duplicative discovery because Plaintiffs in the Related Actions will seek substantially similar documents, data, and testimony related to the defendants' actions in the fire apparatus market. *See, e.g.*, *In re Digital Advert.*, 555 F. Supp. 3d at 1375 (recognizing that all actions would require the same common discovery from Google and Facebook). There is no reason the parties should be required to respond to multiple pretrial motions and discovery requests, or for parties and witnesses to travel throughout the country to appear in multiple proceedings. *See In re Online DVD Rental Antitrust Litig.*, 609 F. Supp. 2d 1376, 1377 (J.P.M.L. 2009) (centralization proper for reasons including that two defendants are headquartered in the chosen district and that relevant documents and witnesses are likely located there).

Transfer and consolidation will solve these problems: it will permit the transferee judge to formulate a single, unified pretrial program that minimizes the inconvenience and overall expense for all parties and witnesses. *In re Lidoderm Antitrust Litig.*, 11 F. Supp. 3d 1344, 1345 (J.P.M.L. 2014). If courts in each district were forced to resolve these issues in separate pretrial proceedings, scarce judicial resources would be needlessly wasted. There would be a substantial likelihood that such duplicative proceedings would result in inconsistent rulings, especially regarding class certification. *See, e.g.*, *In re Broiler Chicken Grower Antitrust Litig.*, 509 F. Supp. 3d 1359, 1361 (J.P.M.L. 2020) ("Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings (including with respect to class certification and Daubert motion practice); and conserve the resources of the parties, their counsel, and the judiciary."). The Panel has "consistently held that the existence of and the need to eliminate [the possibility of inconsistent class certification rulings] presents a highly persuasive reason favoring transfer under Section 1407." *In re Roadway Express, Inc. Emp't Practices Litig.*, 384 F. Supp. 612, 613 (J.P.M.L. 1974).

Transfer and consolidation is necessary to promote the just and efficient conduct of the Related Actions. Thus, this consideration weighs heavily in favor of centralizing the Related Actions.

## II.     THE ACTIONS SHOULD BE TRANSFERRED TO THE EASTERN DISTRICT OF WISCONSIN

In deciding the appropriate transferee court, the Panel has often considered (a) where the majority of cases are pending; (b) where a defendant's headquarters are located; (c) where the relevant documents and witnesses are located; (d) whether the transferee court has capacity to devote sufficient resources to complex consolidated proceedings; and (e) the location of the transferee court.

### a.   The majority of cases are pending in the Eastern District of Wisconsin.

To date, all but one of the Related Actions have either been filed in the Eastern District of Wisconsin or are seeking transfer to the Eastern District of Wisconsin. Of the thirteen Related Actions, nine were filed in the Eastern District of Wisconsin and assigned to Judge Byron Conway.[1] Additionally, three cases that were originally filed in the District of Massachusetts and the District of New Jersey now have pending Section 1404 motions to transfer to the Eastern District of Wisconsin.[2]

---

[1] *See City of La Cross v. Oshkosh Corp., et al.*, Case No. 1:25-CV-1252 (E.D. Wis.); *City of Augusta v. Oshkosh Corp, et al.*, Case No. 2:25-CV-01543 (E.D. Wis.); *The Newstead Fire Co. Inc. v. Oshkosh Corp., et al.*, Case No. 1:25-CV-01693 (E.D. Wis.); *City of Onalaska v. Oshkosh Corp. et al.*, Case No. 1:25-CV-01717 (E.D. Wis.); *City of Philadelphia v. Oshkosh Corp. et al.*, Case No. 1:25-CV-01801 (E.D. Wis.); *City of Ann Arbor v. Oshkosh Corp. et al.*, Case No. 1:25-CV-01973 (E.D. Wis.); *City of Liberty Missouri v. Oshkosh Corp et al.*, 1:25-CV-02002 (E.D. Wis.); *City of Arcadia v. American Industrial Partners LLC, et al.*, Case No. 1:25-CV-02005 (E.D. Wis.); *Commack Fire District v. Oshkosh Corp. et al.*, 1:25-CV-02013 (E.D. Wis.)

[2] *See City of Revere v. AIP, LLC et al.*, Case No. 1:25-CV-13462 (D. Mass.); *City of Chelsea v. Fire Apparatus Manufacturers' Assoc. et al.*, Case No. 1:25-CV-13643 (D. Mass.); *and Borough of Roseland v. Fire Apparatus Manufacturers' Assoc. et al.*, Case No. 2:25-CV-18312 (D.N.J.).

The most recently filed complaint, *Unified Government of Wyandotte County, Kansas City, Kansas v. REV Group Inc. et al.*, Case No. 2:26-CV-02057 (D. Kan.) is the only complaint that is neither originally filed in Eastern District of Wisconsin nor awaiting a motion to transfer decision. Notably, *no* complaints have been filed in defendants' proposed venue: the Northern District of Illinois.

b.  **The Main Defendants Named in Every Related Action are Located in the Eastern District of Wisconsin**

It is no surprise that most of the cases have been filed in the Eastern District of Wisconsin because that is where Defendants Oshkosh Corp., Pierce Manufacturing Inc., and REV Group Inc. have their headquarters. Defendant Oshkosh Corporation is headquartered in Oshkosh, Wisconsin. Defendant Pierce Manufacturing Inc. is headquartered in Appleton, Wisconsin. Defendant REV Group, Inc. is headquartered in Brookfield, Wisconsin. When multiple defendants are located in the same district, the Panel has found that district to be the proper transfer venue. *See In re Online DVD Rental*, 609 F. Supp. 2d at 1377 (transferring the Related Actions to the district where two of the defendants were headquartered).

Defendants Oshkosh Corp., Pierce Manufacturing Inc., and REV Group Inc. are key defendants. The Related Actions all alleged anticompetitive conduct among the nation's major fire apparatus manufacturers. Defendants Oshkosh Corp., Pierce Manufacturing Inc., and REV Group Inc. control over fifty percent of the market. Although there are differences between the Related Actions and the defendants they name, Defendants Oshkosh Corp. (of which Pierce Manufacturing Inc. is a wholly-owned subsidiary) and REV Group Inc. are named as defendants in every single Related Action. Accordingly, this Panel should transfer the Related Actions to the Eastern District of Wisconsin, where several of the key defendants are headquartered.

### c.   Key Witnesses and Documents are Located in the Eastern District of Wisconsin.

Because Defendants Oshkosh Corp., Pierce Manufacturing Inc., and REV Group Inc. are all headquartered in the Eastern District of Wisconsin, key documents are likely to be located there. Furthermore, key witnesses also appear to reside in the Eastern District of Wisconsin. For example, John Pfeifer, the current President and Chief Executive Officer at Oshkosh Corporation appears to reside in Oshkosh, Wisconsin. John Pfeifer, LINKEDIN, https://www.linkedin.com/in/johncpfeifer/. The Pierce Manufacturing President from April 2023 to November 2025, Robert Schulz II, appears to reside in Waupaca, Wisconsin. Robert Schulz II, LINKEDIN, https://www.linkedin.com/in/robert-schulz-ii-383aa957/. By comparison, there are *no* defendants headquartered in the Northern District of Illinois. This Panel favors appointing a transferee court in a district where key documents and witnesses are located. *See In re Online DVD Rental*, 609 F. Supp. 2d at 1377. No other district is likely to have as many relevant documents and witnesses as the Eastern District of Wisconsin.

### d.   The Eastern District of Wisconsin has the Necessary Capacity and Resources.

The Eastern District of Wisconsin has the capacity and ability to oversee this litigation. First, the district is not over-burdened with MDLs: there are no MDLs pending in the Eastern District of Wisconsin.[3] *See, e.g.*, *In re: Listerine Total Care Mouthwash Mktg. & Sales Pracs. Litig.*, 764 F. Supp. 2d 1354, 1355 (J.P.M.L. 2011) (transferring to the district that "is presiding over fewer MDL dockets than other proposed districts."); *In re Horizon Organic Milk Plus DHA*

---

[3] MDL Statistics Report - Distribution of Pending MDL Dockets by District, Feb. 2, 2026, https://www.jpml.uscourts.gov/sites/jpml/files/Pending_MDL_Dockets_By_District-February-2-2026.pdf

*Omega-3 Mktg. & Sales Pracs. Litig.,* 844 F. Supp. 2d 1380, 1381 (J.P.M.L. 2012) (same). The Northern District of Illinois, on the other hand, currently has twelve pending MDLs.[4]

Moreover, the Eastern District of Wisconsin has already demonstrated its ability to efficiently manage this complex litigation by taking actions to consolidate certain actions and appoint interim leadership counsel. For example, on November 25, 2025, the district court consolidated the direct purchaser actions under the caption *In Re: Direct Purchaser Fire Apparatus Antitrust Litigation*. Case No. 1:25-CV-1543, ECF No. 19 (E.D. Wis.) and appointed Interim Co-Lead Counsel for the putative direct purchase class. Then, on December 29, 2025, the district court consolidated the indirect purchaser actions and appointed Interim Co-Lead Counsel for the putative indirect purchaser class. *Id.*, ECF No. 49. The Eastern District of Wisconsin, and specifically Judge Conway, is clearly capable of managing a complex docket to streamline the litigation and promote efficient adjudication of this matter.

    **e.** **The Eastern District of Wisconsin is just as centrally located as the Northern District of Illinois.**

Defendants argue that this action should be transferred to the Northern District of Illinois—a place with no pending cases—primarily based on that district being geographically centrally located. But the Eastern District of Wisconsin is comparably geographically centrally located. The Eastern District of Wisconsin's Judges' chambers are in Green Bay and Milwaukee, which are geographically centrally located in the United States. The Panel often selects a transferee district that is centrally located and thus easily accessed by all parties. *See e.g.*, *In re Local TV Advert. Antitrust Litig.*, 338 F. Supp. 3d 1341, 1343 (J.P.M.L. 2018) (emphasis added) (selecting a jurisdiction that provides "a geographically central and convenient location for the parties and

---

[4] *Id.*

witnesses"); *In re Samsung Top-Load Washing Mach. Mktg., Sales Pracs. & Prods. Liab. Litig.*, 278 F. Supp. 3d 1376, 1378 (J.P.M.L. 2017) (selecting district "centrally located relative to the geographically dispersed domestic defendants"). To the extent that Green Bay, Wisconsin is not *as* accessible as Chicago, Illinois, the travel conveniences associated with a particular district is not a dispositive transfer consideration especially given the number of cases and defendants located in Wisconsin.

## CONCLUSION

For the foregoing reasons, the La Crosse/Onalaska/Ann Arbor/Commack Plaintiffs respectfully request that the Panel consolidate all Related Actions and transfer them to the Eastern District of Wisconsin.

Dated: February 11, 2026

Respectfully Submitted,

By: */s/ Joshua J. Rissman*
Daniel E. Gustafson
Daniel C. Hedlund
Joshua J. Rissman
Frances Mahoney-Mosedale
Gabrielle M. Kolb
GUSTAFSON GLUEK PLLC
Canadian Pacific Plaza
120 S Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
Facsimile: (612) 339-6622
Email: dgustafson@gustafsongluek.com
Email: dhedlund@gustafsongluek.com
Email: jrissman@gustafsongluek.com
Email: fmahoneymosedale@gustafsongluek.com
Email: gkolb@gustafsongluek.com

Steve W. Berman
Moses Jehng
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292

Facsimile: (206) 623-0594
Email: steve@hbsslaw.com
Email: moses.jehng@hbsslaw.com

Erin Dickinson
Charles Crueger
CRUEGER DICKINSON LLC
4532 North Oakland Avenue
Milwaukee, WI 53211
Telephone: (414) 210-3868
Email: ekd@cruegerdickinson.com
Email: cjc@cruegerdickinson.com

*Interim Co-Lead Counsel for Indirect Purchaser
Plaintiffs and Counsel for the Cities of LaCrosse and
Onalaska*


Paul F. Novak
WEITZ & LUXENBERG, P.C.
Fisher Building
3011 West Grand Blvd., 24th Floor
Detroit, MI 48202
Phone: (313) 800-4170
Fax: (646) 293-7992
Email: pnovak@weitzlux.com

*Counsel for Plaintiff City of Ann Arbor*

Kevin Landau
Brett Cebulash
Miles Greaves
TAUS, CEBULASH & LANDAU, LLP
123 William Street, Suite 1900A
New York, New York 10038
Telephone: 646-873-7654
Facsimile: 212-931-0703
Email: klandau@tcllaw.com
Email: bcebulash@tcllaw.com
Email: mgreaves@tcllaw.com

*Counsel for Plaintiff Commack Fire District*

10