**BEFORE THE UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

|  |  |
|---|---|
| **IN RE: FIRE APPARATUS ANTITRUST LITIGATION** | **MDL No. 3179** |

**EASTERN DISTRICT OF WISCONSIN DIRECT PURCHASER PLAINTIFFS'[1] BRIEF
IN RESPONSE TO DEFENDANTS' MOTION FOR TRANSFER**

## I.    INTRODUCTION

Plaintiffs the City of Augusta, the City of Philadelphia, and the Newstead Fire Co., Inc.[1] (together, "EDWI Direct Purchaser Plaintiffs" or "EDWI DPPs") submit this response to the Motion to Transfer and Centralize Related Actions for Consolidated Pretrial Proceedings to the United States District Court for the Northern District of Illinois ("Motion") filed by Defendants Oshkosh Corporation ("Oshkosh") and its wholly owned subsidiary Pierce Manufacturing, Inc. ("Pierce"); REV Group, Inc. ("REV Group") and its wholly owned subsidiaries E-One, Inc., Ferrara Fire Apparatus, Inc., Kovatch Mobile Equipment Corporation, Spartan Fire, LLC, Smeal SFA, LLC, and Smeal LTC, LLC (collectively, the "REV Group Subsidiary Defendants"); and Rosenbauer America, LLC ("Rosenbauer") and its wholly owned subsidiaries Rosenbauer South Dakota, LLC and Rosenbauer Minnesota, LLC (collectively, the "Rosenbauer Subsidiary Defendants"), Fire

---

[1] The following direct purchaser plaintiffs have been consolidated before the Honorable Judge Byron B. Conway in the United States District Court for the Eastern District of Wisconsin and are included with the defined terms "EDWI Direct Purchaser Plaintiffs" and "EDWI DPPs": *City of Augusta v. Oshkosh Corp., et al.,* No. 1:25-cv-01543-BBC (E.D. Wis. filed Oct. 7, 2025); *The Newstead Fire Co., Inc. v. Oshkosh Corp., et al.*, No. 1:25-cv-01693-BBC (E.D. Wis. filed Oct. 31, 2025); *City of Philadelphia v. Oshkosh Corp., et al*., No. 1:25-cv-01801-BBC (E.D. Wis. filed Nov. 14, 2025); *City of Liberty, Missouri v. Oshkosh Corp., et al.*, No. 1:25-cv-02002 (E.D. Wis. filed Dec. 19, 2025). As will be more fully discussed below, the EDWI DPPs have been coordinating with the plaintiffs in the following related direct purchaser class action matters filed outside of the Eastern District of Wisconsin: *City of Revere v. AIP, LLC, et al.*, No. 1:25-cv-13462-AK (D. Mass. filed Nov. 19, 2025); *City of Chelsea v. Fire Apparatus Manufacturers' Association, et al.,* No. 1:25-cv 13643-AK (D. Mass. filed Dec. 2, 2025); *Borough of Roseland v. Fire Apparatus Manufacturers' Association, et al*., No. 2:25-cv-18312-MEF-CF (D.N.J. filed Dec. 9, 2025).

Apparatus Manufacturers' Association ("FAMA"), American Industrial Partners Capital Fund IV, LP, American Industrial Partners Capital Fund IV (Parallel), LP, and AIP/CHC Holdings, LLC (collectively, "AIP")'s (together, "Movants").

As explained in more detail below, the Motion should be either dismissed or denied because (a) the entire basis for an MDL proceeding is lacking, in that 9 of the 13 proceedings at issue were either filed (and are currently pending) in the United Stated District Court for the Eastern District of Wisconsin before the Honorable Byron B. Conway; (b) plaintiffs in the other three actions at issue have all filed motions under 28 U.S.C. §1404 to be transferred to the Eastern District of Wisconsin (and those motions are all fully briefed and awaiting decision); (c) the thirteenth action that Defendants have cited, which they claimed would be relevant after it was removed from Louisiana state court to Louisiana federal court has, in fact, been voluntarily dismissed without prejudice, meaning that is has no bearing on this motion whatsoever; (d) Judge Conway has already moved efficiently and effectively to consolidate the two classes of cases in this matter, for Direct and Indirect Purchasers, and has appointed Co-Lead Counsel in both of those consolidated proceedings; and (e) Judge Tharp, the judge to whom Defendants have proposed as the MDL judge, has no cases before him in this matter and, in sharp contrast to Judge Conway, has taken no part in any of the litigation at issue to date.

In short, the motion currently before the Panel is both unsupported and unnecessary. The cases should be allowed to proceed as they already are, in the Eastern District of Wisconsin, before Judge Conway. In the event that the Panel deems it necessary to decide the motion on the merits, the clear answer is that the cases should be transferred to the Eastern District of Wisconsin before Judge Conway. Any other result would be both against the great weight of authority and contrary to common sense.

## II.     BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs in the case before the Panel have brought cases against the companies that manufacture and supply Fire Trucks that are sold throughout the United States. Together, these manufacturers control between 70 and 80 percent of the United States Fire Truck market and have used that dominant market power to unlawfully raise Fire Truck prices.  As alleged in the complaints, beginning in or about January 2016, Defendants entered into an agreement, combination, or conspiracy to fix, raise, maintain, or stabilize prices of Fire Trucks sold in the United States at supra-competitive levels, causing Plaintiffs and Class members to pay artificially inflated prices for Fire Trucks.

Over the past ten years, Fire Truck prices have doubled, a rise that cannot be explained by inflation alone and has negatively impacted municipal budgets and the safety of communities. Inflated prices, along with longer wait times for new Fire Trucks, have forced municipalities to rely upon older and less reliable Fire Trucks instead of replacing them with newer models.  This can have deadly consequences for communities when a fire breaks out and a municipality's capacity to act is hindered by older and less reliable equipment.  The cases at issue in this MDL proceeding seek to hold Defendants accountable for these alleged antitrust violations.

As noted above, nine actions naming Defendants have been filed in the Eastern District of Wisconsin.[2]  Two actions were filed in the District of Massachusetts,[3] where 1404 motions seeking

---

[2] *City of La Crosse v. Oshkosh Corp., et al.*, No. 1:25-cv-01252-BBC (E.D. Wis. Filed Aug. 20, 2025); *City of Augusta v. Oshkosh Corp., et al.*, No. 1:25-cv-01543-BBC (E.D. Wis. filed Oct. 7, 2025); *The Newstead Fire Co., Inc. v. Oshkosh Corp., et al.*, No. 1:25-cv-01693-BBC (E.D. Wis. filed Oct. 31, 2025); *City of Onalaska v. Oshkosh Corp., et al.*, No. 1:25-cv-01717-BBC (E.D. Wis. filed Nov. 4, 2025); *City of Philadelphia v. Oshkosh Corp., et al.,* No. 1:25-cv-01801-BBC (E.D. Wis. filed Nov. 14, 2025); *City of Ann Arbor v. Oshkosh Corp., et al.,* No. 1:25-cv-01973-BBC (E.D. Wis. filed Dec. 16, 2025); *City of Liberty, Missouri v. Oshkosh Corp., et al.*, No. 1:25-cv-02002-BBC (E.D. Wis. filed Dec. 19, 2025); *City of Arcadia v. American Industrial Partners LLC, et al.*, No. 1:25-cv-02005-BBC (E.D. Wis. filed Dec. 22, 2025); *Commack Fire District v. Oshkosh Corp., et al.*, No. 1:25-02013-BBC (E.D. Wis. filed  Dec. 22, 2025).

[3] *City of Revere v. AIP, LLC, et al.*, No. 1:25-cv-13462-AK (D. Mass. filed Nov. 19, 2025); *City of Chelsea v. Fire Apparatus Manufacturers' Association, et al.,* No. 1:25-cv13643-AK (D. Mass. filed Dec. 2, 2025).

transfer to the Eastern District of Wisconsin are now fully briefed and awaiting decision, and a third action was filed in the District of New Jersey,[4] where a 1404 motion seeking transfer to the Eastern District of Wisconsin is also fully briefed and awaiting decision.  The Louisiana state court action alluded to in Movant's brief has been voluntarily dismissed without prejudice.[5]  Since Defendants filed their Motion to Transfer and Centralize Related Actions for Consolidated Pretrial Proceedings on January 15, 2026, one additional Related Action was filed in the District of Kansas by an indirect purchaser of fire apparatus for itself and a putative class of indirect purchaser plaintiffs.[6]  Thus, in total, there are 13 Related Actions, and all are either pending in the Eastern District of Wisconsin, or have sought to be transferred there, with the exception of one outlier--the latest filed case.

## III.    ARGUMENT

### A.  THESE ACTIONS SHOULD BE CONSOLIDATED IN THE EASTERN DISTRICT OF WISCONSIN THROUGH SECTION 1404.

#### a.  Plaintiffs Have Already Moved for 1404 Transfer of the Massachusetts and New Jersey Actions, and Those Motions are Fully Briefed.

Plaintiffs have filed 1404 motions for transfer in the three direct purchaser cases pending outside the Eastern District of Wisconsin (in the *Revere*, *Chelsea* and *Roseland* actions). These 1404 motions are consistent with the Panel's overarching goals of promoting judicial economy, convenience, and sound principles of complex case management.  Moreover, as numerous courts have recognized, the logic underlying such 1404 transfers is straightforward: consolidation

---

[4] *Borough of Roseland v. Fire Apparatus Manufacturers' Association, et al.*, No. 2:25-cv-18312-MEF-CF (D.N.J. filed Dec. 9, 2025).

[5] *City of Plaquemine v. Oshkosh Corp.*, et al., No. 84877 (La. 18th Dist. filed Dec. 30, 2025). *See* Exhibit A to this Response Brief.

[6] *Unified Government of Wyandotte County, Kansas and Kansas City, Kansas v. REV Group, Inc., et al.,* 2:26-cv-02057 (D. Kan. filed Jan. 29, 2026).

reduces duplicative discovery, avoids inconsistent rulings, and conserves both judicial and party resources. *See Nat'l Union Fire Ins. Co. v. Mead Johnson & Co.*, No. 11-10042-NMG, 2011 U.S. Dist. LEXIS 142056, at *44–45 (D. Mass. Oct. 5, 2011); *see also Hawkins v. Gerber Prods. Co.*, 924 F. Supp. 2d 1208, 1214 (S.D. Cal. 2013).  Indeed, Defendants ignore that transfer under 28 U.S.C. § 1404(a) is far more streamlined and efficient than is centralization under 28 U.S.C. § 1407, because a §1404(a) transfer applies "for all purposes, including trial," whereas centralization into an MDL is only for pre-trial purposes. *See In re Gerber Probiotic Prod. Mktg. & Sales Pracs. Litig.*, 899 F. Supp. 2d 1378, 1380 (J.P.M.L. 2012).

Defendants ignore the efficiencies of transfer under Section 1404 and instead rely on speculation. They posit that additional actions *may* be filed. *See* Movant's Opening Brief at 14. But the JPML holds that courts should not "speculate as to the impact of as yet unfiled third-party claims on the efficiency of common proceedings." *See In re Uber Techs., Inc.*, 699 F. Supp. 3d 1396, 1398 (J.P.M.L. 2023). Moreover, although §1407 provides a process for potential tag-along actions, centralization of tag-along actions is neither permanent nor automatic, and centralized cases are eventually remanded for trial absent waiver. *In re Best Buy Co., Inc., Cal. Song-Beverly Credit Card Act Litig.*, 804 F. Supp. 2d 1376, 1378 (J.P.M.L. 2011).

It is well-settled that "[C]entralization under Section 1407 should be the *last* solution after considered review of all other options, including transfer pursuant to § 1404." *In re Michaels Stores, Inc., Pin Pad Litig.*, 844 F. Supp. 2d 1368, 1369 (J.P.M.L. 2012) (internal quotation omitted; emphasis added). There is a long line of cases holding that where "a reasonable prospect exists that the resolution of a Section 1404 motion or motions could eliminate the multidistrict character of a litigation, transfer under Section 1404 is preferable to Section 1407 centralization." *In re Lens.com Mktg. & Sales Pracs. Litig.*, 776 F. Supp. 3d 1362, 1364 (J.P.M.L. 2025) (cleaned

up); *see also In re TrueCar, Inc., S'holder Derivative Litig.*, 412 F. Supp. 3d 1353, 1354 (J.P.M.L. 2019) (denying centralization even after finding the parties had not meaningfully pursued informal cooperation because "informal coordination seem[ed] practicable"). *See also, e.g., In re Best Buy*, 804 F. Supp. 2d at 1378 (denying centralization because transfer under Section 1404 remained a viable alternative); *In re Baby Food Mktg., Sales Pracs. & Prods. Liab. Litig.*, 544 F. Supp. 3d 1375, 1378 (J.P.M.L. 2021) (holding transfer under 1404 preferable to MDL because "it is better to allow the parties' attempts to self-organize play out" before centralizing); *In re Cash Sweep Programs Contract Litig.*, 766 F. Supp. 3d 1346, 1350 (J.P.M.L. 2025) (concluding that ongoing transfers and consolidations weighed against centralization pursuant to Section 1407); *In re Unilever Aerosol Products Mktg., Sales Practices, & Products Liab. Litig.*, 669 F. Supp. 3d 1366, 1367 (J.P.M.L. 2023) (same); *In re Gerber*, 899 F. Supp. 2d at 1379–80 (same); *see also In re Cash Sweep*, 766 F. Supp. 3d at 1350 (denying centralization in light of "the ongoing self-organization of th[e] litigation"). In short, Defendants' arguments get the law exactly backwards.

## B. IN THE EVENT THE PANEL UNDERTAKES AN ANALYSIS PURSUANT TO 28 USC §1407, TRANSFER TO THE EASTERN DISTRICT OF WISCONSIN IS WARRANTED.

### a. The 12 Actions Share Common Questions of Fact and Law

"When civil actions involving one or more common questions of fact are pending in different districts," this Panel may transfer such actions "to any district for coordinated or consolidated pretrial proceedings," if transfer would serve "the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). In the event the Panel undertakes a 1407 analysis – and EDWI DPPs believe it should not – the

requirements are met here and the Panel should transfer the Related Actions to a single district for coordinated or consolidated pretrial proceedings.

The Related Actions satisfy the requirements of Section 1407(a) because they involve common defendants and overlapping conduct, and the Panel routinely finds that centralization is appropriate for cases involving alleged violations of antitrust laws. *See, e.g., In re Qualcomm Antitrust Litig.*, 273 F. Supp. 3d 1373, 1375 (J.P.M.L. 2017) ("Plaintiffs in all the actions listed on Schedule A assert similar claims for violations of federal and state antitrust and consumer protection laws."); *In re Visa/Mastercard Antitrust Litig.*, 295 F. Supp. 2d 1379, 1380 (J.P.M.L. 2003) ("All six actions share factual questions relating to allegations that Visa and MasterCard's 'Honor All Cards' policy violates the Sherman Antitrust Act."); *In re Polyester Staple Antitrust Litig.*, 259 F. Supp. 2d 1376, 1377 (J.P.M.L. 2003) (cases arising out of alleged price fixing shared common factual questions); *In re Parcel Tanker Shipping Servs. Antitrust Litig.*, 296 F. Supp. 2d 1370, 1371 (J.P.M.L. 2003) ("All actions share factual questions relating to the existence, scop and effect of an alleged conspiracy to fix the price of international shipments of liquid chemicals in the United States.").

Each of the actions filed on behalf of direct purchasers of Fire Apparatus, no matter the district in which it was filed, is also brought on behalf of a nationwide class and asserts antitrust claims under federal law. *See In re Cotton Yarn Antitrust Litig.*, 336 F. Supp. 2d 1383, 1384 (J.P.M.L. 2004) ("All actions share factual questions relating to the existence, scope and effect of an alleged conspiracy to fix the price of cotton yarn in the United States and/or to allocate the U.S. cotton yarn market and customers."); *In re Domestic Airline Travel Antitrust Litig.*, 140 F. Supp. 3d 1344, 1345 (J.P.M.L. 2015) ("All of the actions assert overlapping putative nationwide classes of direct purchasers of domestic airfare, and all the actions assert antitrust violations of

Section 1 of the Sherman Act."); *In re K-Dur Antitrust Litig.*, 176 F. Supp. 2d 1377, 1378 (J.P.M.L. 2001) (similar).

### b. Centralization Would Serve the Convenience of Parties and Witnesses.

Because the Related Actions' factual allegations and legal claims largely overlap, transfer would serve "the convenience of parties and witnesses and . . . promote the just and efficient conduct" of the Related Actions. 28 U.S.C. § 1407(a). Centralization is also appropriate because the plaintiffs in the Related Actions will undoubtedly pursue substantially similar testimony, documents, and other evidence from Defendants – as such, centralizing the Related Actions will have "the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties." *In re Cook Med., Inc., Pelvic Repair Sys. Prod. Liab. Litig.*, 949 F. Supp. 2d 1373, 1375 (J.P.M.L. 2013); *In re Auto Body Shop Antitrust Litig.*, 37 F. Supp. 3d 1388, 1390 (J.P.M.L. 2014) ("Transfer under Section 1407 will offer the benefit of placing all related actions before a single judge who can structure pretrial proceedings to accommodate all parties' legitimate discovery needs while ensuring that common witnesses are not subjected to duplicative discovery demands.").

Moreover, because the Related Actions have many common questions of fact and law, they will also have many overlapping pretrial issues, including the adequacy of the claims and allegations. And because each Related Action is a class action, centralization will eliminate the possibility of inconsistent rulings on class certification from courts in two districts. *See, e.g., In re: Zimmer Durom Hip Cup Prod. Liab. Litig.*, 717 F. Supp. 2d 1376, 1377 (J.P.M.L. 2010) ("Centralization under Section 1407 will eliminate duplicative discovery, prevent inconsistent

pretrial rulings on discovery and other issues, and conserve the resources of the parties, their counsel and the judiciary.").

### c. The Panel Should Transfer the Related Actions to the Eastern District of Wisconsin (Green Bay Division), to the Honorable Byron B. Conway.

In determining the appropriate transferee district, the Panel considers a variety of factors, including: (1) whether the district "offers a forum that is both convenient and accessible for the parties and witnesses"; (2) the location of "relevant witnesses and evidence"; (3) the positions of the parties; and (4) the experience of the transferee judge and district in navigating "the nuances of complex and multidistrict litigation." *In re: Aggrenox Antitrust Litig.*, 11 F. Supp. 3d 1342, 1343 (J.P.M.L. 2014). EDWI DPPs submit that the Eastern District of Wisconsin (Green Bay) is well-suited for these cases, as in *In re Santa Fe Natural Tobacco Company Marketing and Sales Practices Litigation*, 178 F.Supp.3d 1377, 1379 (J.P.M.L. 2016). Also, because this litigation involves an alleged sprawling conspiracy spanning the United States, the Panel should select a district that is "geographically central and accessible."[7] *In re: DePuy Orthopaedics, Inc., Pinnacle Hip Implant Prod. Liab. Litig.*, 787 F. Supp. 2d 1358, 1360 (J.P.M.L. 2011). All of these factors, taken together, support transfer to the Eastern District of Wisconsin (Green Bay Division), before the Honorable Byron B. Conway.

As Defendants acknowledge, multiple Defendants are headquartered in Wisconsin – Oshkosh Corp. (Oshkosh, WI), Pierce Manufacturing (Appleton, WI) and REV Group (Brookfield, WI). The Eastern District of Wisconsin is convenient and accessible for the relevant parties, as explained above, because of its location close to headquarters, offices,

documents, data, and likely relevant witnesses, a factor that has repeatedly weighed in favor of the Panel's selection of the appropriate transferee district.[7]

The vast majority (9 of 13) of the actions on file were originally filed in the Eastern District of Wisconsin, before Judge Conway. Judge Conway has taken an active role in those matters, moving them forward expeditiously, including consolidating the Direct and Indirect Purchaser actions and appointing interim co-lead class counsel for both the Direct and Indirect Purchaser classes. And Judge Conway has even added one firm to the Direct Purchaser lead counsel structure, naming one of the firms representing the City of Revere in the District of Massachusetts (where a 1404 motion is pending),[8] because the Direct Purchasers made clear that such an appointment would promote the efficient resolution of the matter.[9]

The Eastern District of Wisconsin (Green Bay Division) is a geographically central and accessible forum. The Panel has taken geographic centrality and ease of access into consideration as weighing in favor of a particular transferee forum.[10] Any effort by Defendants to portray Green Bay as inaccessible is meritless – Green Bay is a short, one-hour flight from Chicago, served by 10 flights a day, at all times of day.

---

[7] *See, e.g.*, *In re Consumer Vehicle Driving Data Tracking Litig.*, 737 F. Supp. 3d 1355, 1358 (U.S. Jud. Pan. Mult. Lit. 2024); *In re Salesforce, Inc., Customer Data Sec. Breach Litig.*, No. MDL 3164, 2025 WL 3649301, at *3 (U.S. Jud. Pan. Mult. Lit. Dec. 16, 2025); *In re TikTok, Inc., Minor Priv. Litig.*, 776 F. Supp. 3d 1349, 1351 (U.S. Jud. Pan. Mult. Lit. 2025).

[8] *See* Text Order, ECF No. 56, No. 1:25-cv-01543, attached as Exhibit B to this Response Brief.

[9] In connection with the motion that resulted in this Order, the parties certified that the request was made in consultation with and with the knowledge of all co-counsel for those direct purchaser plaintiffs who had filed complaints in the District of Massachusetts and in the District of New Jersey (*i.e.*, City of Revere, City of Chelsea, and Borough of Roseland). (*See* Ex. C to this Response Brief, Joint Declaration of Interim Co-Lead Counsel, ¶ 10, ECF 53, No. 1:25-cv-01543). Even before the motion was filed on December 23, 2025 (ECF 52, No. 1:25-cv-01543), counsel for all direct purchaser plaintiffs had begun working together collaboratively in the interests of justice, efficiency, and economy. The same may be said for efforts to collaborate, where possible, and for the same reasons, with counsel for the Indirect Purchaser Plaintiffs in the EDWI. That is evident in, among other filings, the collaborative response to this Petition.

[10] *See* Transfer Order in *In re Teflon Products Liability Litigation*, MDL No. MDL No. 1733, No. 4:06-md-01733.

Further, the Eastern District of Wisconsin has a long history of successful MDL management and compares favorably to Defendants' suggested forum, the Northern District of Illinois, in terms of the number of MDLs pending and the expected time to resolution for civil cases. In the 12-month period prior to September 20, 2025, the Eastern District of Wisconsin oversaw 1,062 civil cases, with a median time from filing to disposition of six months.[11] As of the time of this filing there are 12 active MDL matters currently assigned to judges in the Northern District of Illinois, while there is only one MDL currently assigned to the Eastern District of Wisconsin.[12]

Within the Eastern District of Wisconsin, United States District Judge Byron B. Conway has already demonstrated that he can efficiently and expeditiously shepherd this litigation through resolution.  Following a career working in both criminal and civil litigation matters, Judge Conway was appointed to the bench by President Joseph Biden in 2024 and quickly confirmed by the United States Senate.  There is little doubt that, should the cases be transferred to Judge Conway, he would continue to move these cases with speed and assurance.  Indeed, there can be no argument that the Court in the Eastern District of Wisconsin has not advanced these cases.  Any present delay is laid squarely on the Defendants, who have substantially slowed the litigation and added to the costs and created other inefficiencies by the filing of this proceeding, seeking arbitrary coordination of these cases in an already overburdened district court in which there is no Related Action presently pending.  The overwhelming majority of the cases are either already organized in the Eastern District of Wisconsin before Judge Conway (9 of 13), or are seeking § 1404 transfer to the Eastern District of Wisconsin to be consolidated with the cases pending there (3 of 13).  § 1407

---

[11] U.S. District Courts – Median Time From Filing to Disposition of Civil Cases Terminated, by District and Method of Disposition, During the 12-Month Period Ending September 30, 2025 (available at:  jb_c5_0930.2025.xlsx)

[12] *MDL Statistics Report – Distribution of Pending MDL Dockets by District,* https://www.jpml.uscourts.gov/sites/jpml/files/Pending_MDL_Dockets_By_District-January-5-2026.pdf.

coordination, if it is even warranted, should be in the Eastern District of Wisconsin before Judge Conway.

### IV.    CONCLUSION

For these reasons, EDWI DPPs respectfully request that the Panel (a) dismiss this motion as unnecessary and unsupported, so that the 1404 process already underway can resolve itself forthwith or (b) in the event a Section 1407 analysis is undertaken, consolidate the cases and transfer them to the Eastern District of Wisconsin (Green Bay Division), before Judge Byron B. Conway.

Dated: February 11, 2026                       Respectfully submitted,


                                               */s/ Michael J. Flannery*

                                               Michael J. Flannery
                                               **CUNEO GILBERT FLANNERY &
                                               LADUCA, LLP**
                                               2 CityPlace Drive
                                               Second Floor
                                               St. Louis, MO 63141
                                               Telephone: (314) 226-1015
                                               mflannery@cuneolaw.com

                                               Evelyn Riley
                                               Cody McCracken
                                               **CUNEO GILBERT FLANNERY &
                                               LADUCA, LLP**
                                               2445 M Street NW
                                               Suite 740
                                               Washington, DC 20037
                                               Telephone: (202) 789-3960
                                               evelyn@cuneolaw.com
                                               cmccracken@cuneolaw.com

                                               ***Interim Co-Lead Direct Purchaser Class Counsel
                                               and Counsel for Plaintiff The Newstead Fire Co.,
                                               Inc.***

Gregory P. Hansel
Michael S. Smith
Elizabeth F. Quinby
Michael D. Hanify
PRETI FLAHERTY BELIVEAU &
PACHIOS, LLP
One City Center
P.O. Box 9546
Portland, ME 04112
Tel: (207)791-3000
ghansel@preti.com
msmith@preti.com
equinby@preti.com
mhanify@preti.com

*Interim Co-Lead Direct Purchaser Class Counsel*
*and Co-Counsel for Plaintiff City of Augusta*

Jeffrey A. Barrack
Danielle M. Weiss
**BARRACK, RODOS & BACINE**
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
Tel.: (215) 963-0600
Fax: (215) 963-0838
E-mail: jbarrack@barrack.com
E-mail: dweiss@barrack.com

Stephen R. Basser
Samuel M. Ward
**BARRACK, RODOS & BACINE**
600 West Broadway, Suite 900
San Diego, CA 92101
Tel.: (619) 230-0800
Fax: (619) 230-1874
E-mail: sbasser@barrack.com
E-mail: sward@barrack.com

William J. Ban
**BARRACK, RODOS & BACINE**
Eleven Times Square
640 8th Avenue, 10th Floor
New York, New York 10036
Tel.: (212) 688-0782
Fax.: (212) 688-0783
E-mail: wban@barrack.com

*Interim Co-Lead Direct Purchaser Class Counsel and Counsel for Plaintiff City of Philadelphia*

Beth Kushner
Christopher E. Avallone
**von BRIESEN & ROPER, s.c.**
411 East Wisconsin Avenue, Suite 1000
Milwaukee, WI 53202
Tel: (414) 276-1122
beth.kushner@vonbriesen.com
christopher.avallone@vonbriesen.com

*Interim Direct Purchaser Class Liaison Counsel and Co-Counsel for Plaintiff City of Augusta*

14