**BEFORE THE UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

| | |
|---|---|
| **IN RE: FIRE APPARATUS ANTITRUST LITIGATION** | **MDL No. 3179** |

**PLAINTIFF CITY OF REVERE'S RESPONSE TO DEFENDANTS' MOTION TO
TRANSFER AND CENTRALIZE RELATED ACTIONS FOR CONSOLIDATED
PRETRIAL PROCEEDINGS**

Plaintiff City of Revere ("Revere"), by and through undersigned counsel, respectfully submits this response to the Motion to Transfer and Centralize Related Actions for Consolidated Pretrial Proceedings to the United States District Court for the Northern District of Illinois ("MDL Petition") filed by Defendants.[1]

Revere hereby joins in the arguments set forth in the Eastern District of Wisconsin Direct Purchaser Plaintiffs' Response to Defendants' Motion to Transfer and Centralize (the "EDWI DPP Response") and incorporates those arguments by reference.

Revere submits this further response to elaborate on the efforts among class counsel to consolidate the related actions and to provide further detail of the status of the proceeding, including efforts to transfer the action to the Eastern District of Wisconsin pursuant to 28 U.S.C. § 1404.

Revere initiated its action in the District of Massachusetts on November 19, 2025. That Action, captioned *City of Revere v. AIP, LLC, et al.*, No. 1:25-cv-13462-AK (D. Mass.), asserts claims for damages under Section 1 of the Sherman Act, 15 U.S.C. § 1, and Section 7 of the Clayton Act, 15 U.S.C. § 18, on behalf of a class of similarly situated direct purchaser plaintiffs. The complaint asserts claims arising out of the same gravamen of operative facts as the other direct purchaser class actions, and indeed, as the other indirect purchaser class actions. The class

---

[1] Oshkosh Corporation and its wholly owned subsidiary Pierce Manufacturing, Inc.; REV Group, Inc. and its wholly owned subsidiaries E-One, Inc., Ferrara Fire Apparatus, Inc., Kovatch Mobile Equipment Corporation, Spartan Fire, LLC, Smeal SFA, LLC, and Smeal LTC, LLC; Rosenbauer America, LLC and its wholly owned subsidiaries Rosenbauer South Dakota, LLC and Rosenbauer Minnesota, LLC; Fire Apparatus Manufacturers' Association; AIP, LLC; American Industrial Partners Capital Fund IV, LP, American Industrial Partners Capital Fund IV (Parallel), LP, and AIP/CHC Holdings, LLC.

of direct purchaser plaintiffs which Revere purports to represent largely, if not completely, overlaps with those asserted in the other direct purchaser class actions.

Revere has made significant efforts to consolidate the related actions through private agreement. From the outset, counsel has diligently pursued coordination and consolidation. Although Revere initiated its action in its home district in Massachusetts, Revere understood that judicial economy would be better served if all related actions proceeded on a consolidated basis before the same judge. As such, Revere, along with the direct-purchaser interim co-lead counsel in Wisconsin, requested Judge Conway to modify his leadership order to add counsel for Revere as interim co-lead counsel for direct purchaser plaintiffs. *See In re Direct Purchaser Fire Apparatus Litig.*, No. 1:25-cv-01543 (E.D. Wis.) (ECF Nos. 51–54) (joint motion to modify order appointing co-lead counsel). That motion had the support of other law firms. *See id*. The motion was granted. *See In re Direct Purchaser Fire Apparatus Litig.*, No. 1:25-cv-01543 (E.D. Wis.) (ECF No. 56) (appointing Joseph Saveri Law Firm as interim co-lead counsel).

Soon afterwards, on January 3, 2026, Revere prepared and filed a motion to transfer its case to Wisconsin, to consolidate with the many other actions already on file there. *See City of Revere v. AIP, LLC, et al.*, No. 1:25-cv-13462-AK (D. Mass.) (ECF No. 93) (motion to transfer).[2] Among other things, Revere did so to align with guidance of the Panel indicating a preference for transfer pursuant to 28 U.S.C. § 1404 over centralization under 28 U.S.C. § 1407. *See, e.g.*, *In re Gerber Probiotic Prod. Mktg. & Sales Pracs. Litig.*, 899 F. Supp. 2d 1378, 1379 (J.P.M.L. 2012) (citing *In re Best Buy Co., Inc.*, *California Song–Beverly Credit Card Act Litig.*, 804 F. Supp. 2d 1376, 1378 (J.P.M.L. 2011)).

---

[2] The motion has been fully briefed and is awaiting the court's decision. *See id*. (ECF Nos. 93, 100, 101, 106).

2

In response to Revere's motion to transfer to Wisconsin, Defendants opposed and argued that Revere's action should remain in Massachusetts. Defendants' position is contradictory and incoherent. While Defendants assert to this Panel that centralization is necessary to ensure that Defendants are not required to litigate multiple related cases in different districts, Defendants have opposed all motions to transfer, even though the motions to transfer would move the out-of-district cases to the Eastern District of Wisconsin, where the other related cases against Defendants were already proceeding. In their opposition to the City of Revere's motion to transfer to Wisconsin, Defendants argued that the district court should deny transfer and "keep[] this Action in [Massachusetts] where Plaintiff filed it." *City of Revere v. AIP, LLC, et al.*, No. 1:25-cv-13462-AK (D. Mass.) (ECF No. 101).

Defendants have also moved to stay all proceedings in the Revere, Chelsea, and Roseland actions, on the grounds that the district courts should not rule on the Section 1404 transfer motions, or proceed with any litigation, until the Panel has ruled on Defendants' MDL Petition. *See City of Revere v. AIP, LLC, et al.*, No. 1:25-cv-13462-AK (D. Mass.) (ECF Nos. 104, 105, 107–09); *City of Chelsea v. Fire Apparatus Manufacturers' Association, et al.,* No. 1:25-cv-13643-AK (D. Mass.) (ECF Nos. 54, 55, 57, 58); *Borough of Roseland v. Fire Apparatus Manufacturers' Association, et al.*, No. 2:25-cv-18312-MEF-CF (D.N.J.) (ECF Nos. 34, 43, 47). Defendants argued in support of their motion to stay, that they would be significantly harmed by having to litigate the City of Revere's case in Massachusetts because of the other related cases in Wisconsin, despite that they opposed transfer to Wisconsin and sought to "keep[] this Action in [Massachusetts] where Plaintiff filed it." *City of Revere v. AIP, LLC, et al.*, No. 1:25-cv-13462-AK (D. Mass.) (ECF No. 101).

It is impossible to square Defendants' positions in the district courts and before this Panel. By asserting contradictory positions in various filings across multiple courts, Defendants have sought to use the JPML process to stop all proceedings in the district courts, including ruling on Plaintiffs' transfer motions, and have simultaneously tried to use the fact that the actions have not yet been transferred to argue that centralization is necessary in the Northern District of Illinois. Defendants' gamesmanship should not be countenanced or encouraged. Even when it was clear that the related actions were coalescing in the Eastern District of Wisconsin, and even though Plaintiffs had filed motions to transfer to the Eastern District of Wisconsin for the specific purpose of centralizing the related cases, Defendants opposed the motions to transfer and filed the present MDL Petition, which the Panel has emphasized is appropriate only as a "last solution." *See Gerber*, 899 F. Supp. 2d at 1379.[3]

Meanwhile, Defendants have multiplied the proceedings, seeking to stall progress in the related actions by filing a flurry of emergency motions to stay while the JPML proceeding takes place. These efforts were wholly unnecessary, wasteful and contrary to the basic principles of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 1 (Federal Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."). Further, Defendants' strategic and

---

[3] *See also* Karen Caldwell, *Inside the JPML*, Judicature (2024), https://judicature.duke.edu/articles/inside-the-jpml/ ("The JPML has said that centralization should be the 'last solution after considered review of all other options.' That is because actions centralized for pretrial proceedings ultimately must be remanded to their transferor court if they are not resolved during pre-trial proceedings. Alternatives such as informal coordination among the parties and involved courts, as well as transfer under Section 1404 for coordinated or consolidated pretrial proceedings, allow the actions to proceed through pretrial in the court that eventually will try the case. If such alternatives are practicable, they may be preferable to creating an MDL for a given litigation.").

inherently contradictory positions are inconsistent with the JPML's goal to promote effective and efficient case management.[4]

Presently, apart from one recently-filed outlier,[5] all known related cases have either been filed in the Eastern District of Wisconsin, or have agreed to transfer their actions to the Eastern District of Wisconsin pursuant to 28 U.S.C. § 1404. This successful outcome reflects the collaborative efforts of interim class counsel and their abilities to efficiently manage the related actions on a national scale. The Panel has commended such private coordination among counsel, and has declined to centralize cases where, as here, consolidation is likely achievable through other methods.  *See, e.g.*, *In re Baby Food Mktg., Sales Pracs. & Prods. Liab. Litig.*, 544 F. Supp. 3d 1375, 1378 (J.P.M.L. 2021).

For these reasons, including those described by the EDWI Direct Purchaser Plaintiffs, Revere respectfully requests that the Panel deny Defendants' MDL Petition or, in the alternative, consolidate the related actions and transfer them to the Eastern District of Wisconsin before Judge Byron B. Conway.

---

[4] *See* Karen Caldwell, *Inside the JPML*, Judicature (2024), https://judicature.duke.edu/articles/inside-the-jpml/ ("First, and perhaps most importantly, the JPML determines whether centralization … [will] promote the just and efficient conduct of the litigation.").

[5] *See Unified Gov't of Wyandotte Cnty. v. REV Group, Inc., et al.*, No 2:26-cv-02057-JWB-ADM (D. Kan. filed Jan. 29, 2026).

Dated:  February 11, 2026          Respectfully Submitted,

By: /s/ *David Seidel*
         David Seidel

**JOSEPH SAVERI LAW FIRM, LLP**
David Seidel (CA State Bar No 307135)
Joseph R. Saveri (CA State Bar No. 130064)
Ronnie Spiegel (WA State Bar No. 33721) *
dseidel@saverilawfirm.com
jsaveri@saverilawfirm.com
rspiegel@saverilawfirm.com
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
*\* Located in Washington State*

**KOZYAK TROPIN & THROCKMORTON LLP**
Benjamin J. Widlanski (FL Bar No. 1010644)
bwidlanski@kttlaw.com
Gail A. McQuilkin (FL Bar No. 969338)
gam@kttlaw.com
Brandon Sadowsky (FL Bar No. 1052643)
bsadowsky@kttlaw.com
2525 Ponce de Leon Boulevard, 9th Floor
Miami, FL 33134
(305) 372-1800

**LEEDS BROWN LAW, P.C.**
Jeffrey K. Brown, Esq.
Michael A. Tompkins, Esq.
Brett R. Cohen, Esq.
1 Old Country Road, Suite 347
Carle Place, NY 11514
(516) 873-9550

*Attorneys for Plaintiff*

6